### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | } | |
| | } | Case No: 10-B-47204 |
| ERICH W. ZANDER and | } | Chapter 13 |
| ERIN R. ZANDER, | } | Judge: Donald R. Cassling |
| | } | Hearing Date: 12/04/2015 |
| Debtors. | } | Geneva, 9:30 a.m. |

### NOTICE OF OBJECTION TO WELLS FARGO BANK, N.A.'s RESPONSE TO NOTICE OF FINAL CURE PAYMENT

**Glenn Stearns, Chapter 13 Trustee, 801 Warrenville Rd., Ste. 650, Lisle, IL 60532, via ECF**
**Erich W. Zander and Erin R. Zander, 120 N. Willow Way, Cibolo, TX 78108**
**Wells Fargo Bank, N.A., C/O Pierce and Associates, P.C., 1 N. Dearborn, Ste. 1300, Chicago, IL 60602, via ECF**
**Wells Fargo Bank, N.A., C/O McCalla Raymer, LLC, Attn: A. Michelle Hart Ippoliti, Attorney, 1544 Old Alabama Road, Roswell, GA 30076, via ECF**

PLEASE TAKE NOTICE that on the **4ᵗʰ day of December, 2015 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Donald R. Cassling, Kane County Courthouse, 100 S. Third Street, Room 240, Geneva, IL 60134, or before such other Judge as may be presiding in his place and stead, and then and there present the **Notice of Objection and Objection to Wells Fargo Bank, N.A.'s Response to Notice of Final Cure Payment**, a copy of which is attached hereto, and move for the relief prayed therein, at which time and place you may appear if you deem fit.

Kathleen Vaught, P.C.

### PROOF OF SERVICE

I, Kathleen Vaught, P.C., an attorney, on oath state, that I served a true copy of the Notice of Objection and Objection to Wells Fargo Bank, N.A.'s Response to Notice of Final Cure Payment, via ECF to Glenn Stearns, Chapter 13 Trustee, Wells Fargo Bank, N.A., C/O Pierce and Associates, P.C. and Wells Fargo Bank, N.A., C/O McCalla Raymer, LLC, and by depositing same via First Class U.S. Mail, with proper postage prepaid, to Erich W. Zander and Erin R. Zander, 120 N. Willow Way, Cibolo, TX 78108, at 600 W. Roosevelt Rd., Wheaton, Illinois, before the hour of 5:00 p.m. on November 20, 2015.

Kathleen Vaught, P.C.

Kathleen Vaught, P.C., #2892790
Attorney at Law
600 W. Roosevelt Rd., Suite B-1
Wheaton, IL 60187
Tel: 630-871-9100   Fax: 630-871-9200

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | } | |
| | } | Case No: 10-B-47204 |
| ERICH W. ZANDER and | } | Chapter 13 |
| ERIN R. ZANDER, | } | Judge: Donald R. Cassling |
| | } | Hearing Date: 12/04/2015 |
| Debtors. | } | Geneva, 9:30 a.m. |

**OBJECTION TO WELLS FARGO BANK, N.A.'s**
**RESPONSE TO NOTICE OF FINAL CURE PAYMENT**

NOW COME ERICH W. ZANDER and ERIN R. ZANDER, Debtors, through their

Attorney, Kathleen Vaught, P.C., and for their Objection to Wells Fargo Bank, N.A.'s Response to

Notice of Final Cure Payment, state as follows:

1.  Debtors' Chapter 13 Bankruptcy was filed October 21, 2010 and Plan was confirmed on January 7, 2011 as a 10% Plan, $598.00 per month for four (4) months and $618.00 per month for fifty-six (56) months.

2.  Debtors moved out-of-state because of a job transfer and listed their residence at 692 Lincoln Avenue, Elgin, Illinois 60120 for sale as a "short sale". Debtors entered into a "short sale" contract for the sale of 692 Lincoln Avenue, Elgin, Illinois 60120.

3.  Debtors received Wells Fargo Bank, N.A.'s "short sale" approval, dated June 5, 2015, which states at Page 2, Important Considerations, Paragraph 1:

    > "However, if you comply with the requirements of this Notice of Short Sale Approval and the mortgage is released, Wells Fargo Bank, N.A. will waive its right to seek a deficiency balance under the mortgage note and/or related documents."

    A copy of said approval is attached.

4.  On June 10, 2015, Debtors filed a Motion for Approval of Sale of Real Estate and for Court approval before this Honorable Judge with due notice to the attorneys of record for Wells Fargo Bank, N.A. (Copy of Notice attached)

5.  On June 19, 2015, this Honorable Court entered the attached Order approving the "short sale".

6. This property closed at a "short sale" on July 20, 2015. A complete copy of the HUD-1 is attached herein.

7. Debtors do not owe any deficiency to Wells Fargo Bank, N.A. as they complied with all the terms of Wells Fargo Bank, N.A.'s "short sale" approval. A copy of Wells Fargo Bank, N.A.'s Response to Final Cure Payment is attached.

8. A copy of the HUD-1 was duly provided to the Chapter 13 Trustee.

**WHEREFORE,** Debtors pray that said Response to Final Cure Payment be stricken and denied with prejudice and that a Response be filed by Wells Fargo Bank, N.A. that no deficiency is due from Debtors.

Respectfully Submitted,

Kathleen Vaught, P.C.,
Attorney for Debtors

Kathleen Vaught, P.C. #2892790
Attorney at Law
600 W. Roosevelt Rd., Suite B-1
Wheaton, IL 60187
Tel: 630-871-9100
Fax: 630-871-9200



6/5/2015

ERICH ZANDER, ERIN ZANDER

Loan Number:        3918
Client:

Property Address:                    Mailing Address:
692  LINCOLN AVE                     120 N WILLOW WAY
ELGIN, IL 60120-3920                 CIBOLO, TX, 78108-3245

Subject:        Notice of Short Sale Approval for loan        3918
                Projected settlement date 07/03/2015

Dear ERICH ZANDER, ERIN ZANDER:

We're writing to notify you that Wells Fargo Bank, N.A. approves a short sale of the property noted above. This Notice of Short Sale Approval provides all of the conditions and requirements that must be met before the short sale transaction can be finalized. Please be sure to read this notice in its entirety and follow all the steps provided.

**Understanding a short sale**

A short sale allows you, the borrower/seller, to sell your home for less than the amount owed on your mortgage, and releases your obligation to repay your primary mortgage balance. It may help you avoid a foreclosure sale.

**Conditions that must be met**

Before we can finalize approval of the short sale, the borrower/seller must meet the following conditions:

1. By completing the short sale based on this Notice of Short Sale Approval, you acknowledge and waive any and all rights to any escrow balance, insurance proceeds or refunds from prepaid expenses.

2. You, or any other party, may not receive any sale proceeds or any funds as a result of this transaction except as specified in this Notice.

3. The short sale must be an arm's length transaction (unless the property is secured by a VA loan). This means the seller and buyer must be unrelated to each other by family, marriage or commercial enterprise. If it's determined that the sale is not an arm's length transaction, this approval will be null and void.

4. If you have any home equity loans, lines, junior liens or other subordinate liens (like a tax or mechanic's lien) on your property, they will be considered separately from your first mortgage transaction. To ensure the short sale proceeds smoothly, it is essential for you to begin working with any other creditors immediately after being approved for a short sale. Failure to resolve transactions with other lien holders could cause delays or even cancelation of the short sale closing.

5. In accordance with state and local laws, the Notice of Short Sale Approval may be voided at any time.

**Important considerations**

Please note: The minimum amount we must receive for the sale of the property after all deductions have been made is called the **acceptable sale proceeds amount**. Please see the short sale approval requirements section in this letter for more information.

1. Because, with a short sale transaction, the home is sold for less than the amount owed on the first mortgage, there may be a deficiency balance. This is the dollar difference between the mortgage amount due and the acceptable sale proceeds amount. In some cases, a mortgagor may be required to pay this remaining balance at or after the short sale closing. However, if you comply with the requirements of this Notice of Short Sale Approval and the mortgage is released, Wells Fargo Bank, N.A. will waive its right to seek a deficiency balance under the mortgage note and/or related documents.

2. When Wells Fargo Bank, N.A. receives the acceptable sales proceeds and all required documentation as specified in this Notice of Short Sale Approval, we will arrange to have the mortgage of record released. Your compliance with this Notice of Short Sale Approval, coupled with the release of the mortgage, shall waive the investor's (and all other interested parties') right to seek payment of the remaining deficiency balance of the original mortgage note.

3. Wells Fargo Bank, N.A. will notify the major credit bureau(s) to reflect this loan as "account paid in full with less than full balance," which should appear on your credit report following the completion of the short sale. However, Wells Fargo Bank, N.A. is not a credit bureau and cannot control how or when the report will reflect information to other users of credit reports.

**Short sale approval requirements**

This approval is based on the purchase contract dated 05/22/2015 between ERICH ZANDER, ERIN ZANDER, the seller(s), and Y   H    and P    Y  , the buyer(s), for a purchase price of $100,000.00. The terms of our approval and instructions to you and your settlement agent are as follows:

**Section one — transaction overview**

1.   As of the date of this Notice, the unpaid principal balance on loan      3918 is $141,410.38. The acceptable sales proceeds is $83,627.00 scheduled for settlement on or before 07/03/2015.

2.   Your required payment to complete the short sale:

a. $0.00 in cash at the closing, in the form of a cashier's check.

b. An additional $0.00 in the form of a promissory note, which must be completed at or before the closing.

3. Please understand that Wells Fargo Bank, N.A. will report amounts of debt that have been cancelled to the IRS, if required to do so under IRS regulations. As a mortgage servicer, Wells Fargo Bank, N.A. cannot provide tax advice. Please consult a tax or legal advisor for assistance on any tax or legal implications associated with a short sale and the cancellation of debt that may result.

4. The following transaction details summarize the information noted above:

| | |
|---|---|
| Unpaid principal balance: | $141,410.38 |
| Approved purchase price: | $100,000.00 |
| Acceptable sale proceeds amount: | $83,627.00 |
| Borrower payment: | |
|     Cash at closing: | $0.00 |
|     Promissory note: | $0.00 |

**Section two — approved seller closing costs**

Approved Seller Closing Costs:

| | |
|---|---|
| Real Estate Commission: | $6,000.00 |
| Owner's Title | $1,645.00 |
| Taxes | $6,481.00 |
| Attorney Fee | $1,200.00 |
| Wire Fee | $30.00 |
| Tax Stamps | $339.00 |
| Transfer Tax | $678.00 |

Excess funds, if any, must be paid to Wells Fargo Bank, N.A.

**Section three — lien holders**

Please understand that any reference to the junior/subordinate lien holder(s) payoff is contingent upon separate written approval of the transaction by each lien holder. In addition, if the junior lien holder is affiliated with Wells Fargo Bank, N.A. or any of its subsidiaries, the approval must be obtained separately. This does not represent approval by any other lien holder.

**Section four — important instructions**

1. You, as the seller, must advise your settlement agent that they must contact Wells Fargo Bank, N.A. no later than 48 hours before the scheduled settlement date and provide a copy of the final

3

HUD-1 Settlement Statement. The final HUD-1 must comply with the approval terms included in this Notice and must contain complete buyer and seller information, including a forwarding address for the seller. In addition, the settlement agent must provide the fully executed HUD Closing Worksheet for FHA loans. If settlement is delayed and/or rescinded, Wells Fargo Bank, N.A. must be notified immediately to review the request and provide written approval, if granted per investor or mortgage insurance guidelines.

2.   In addition, you as the seller, for and in consideration of the approval, closing and funding of the short payoff, agree that you will re-sign any documents after closing if any corrections are needed due to any typographical or clerical errors discovered in any or all of the closing documentation required to be signed at the time of settlement.

3.   The purchase contract may not be amended without Wells Fargo Bank, N.A. prior written approval. In addition, the seller acknowledges that the buyer is not related to the seller, and any relationship between a participating broker/real estate agent has been disclosed prior to issuing this Notice of Short Sale Approval (unless the property is secured by a VA loan).  This transaction may not close if it involves any third party who received a deed from the borrower/seller at, before, or after settlement, and the purchase contract may not be assigned.

4.   The acceptable sales proceeds, together with any excess funds, must be wired to:

Wells Fargo Bank, N.A.

Account No.:

ABA No.:

Special Information for Beneficiary:

Apply funds to loan:          3918

Mortgagor: ERICH ZANDER

From: Sender's name and phone number

Please note: The above information is mandatory and if not provided, the wire will be rejected.

5.   The closing documents and original signed promissory note, if applicable, must be delivered to us prior to our settlement to:

Wells Fargo Bank, N.A.

Attention: Liquidations

X2302-044

One Home Campus

Des Moines, IA 50328

**Important notes**

4

Failure to comply with any of conditions/requirements included in this Notice could result in our refusal to issue a satisfaction, release or conveyance of your mortgage. After certified funds are received and approval is final, a document releasing the mortgage will be sent to record this decision. If the property was in foreclosure, that action will stop when the terms of the approval are met.

**What you need to know about foreclosure**

Even though you have received this Notice of Short Sale Approval, it's important to understand that if your mortgage has been referred to foreclosure, that process moves forward at the same time. The foreclosure process may continue and a foreclosure sale date may be scheduled while you are actively working towards completing the short sale. Also, as part of the foreclosure process, you may receive notices from a third-party attorney delivered by mail, and see steps being taken to proceed with a foreclosure sale of your home.

**I'm here to help you**

I look forward to working with you, and encourage you to call me if you have any questions about the information in this Notice. I can be reached at the phone number that appears below. Thank you.

Sincerely,

ERIC KRACKE

Home Preservation Specialist

Wells Fargo Home Mortgage

1-877-397-0087 Ext. 7289

5

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt, and however we have a security interest in the property and will only exercise our rights as against the property. Additionally, your decision to discuss mortgage assistance options with Wells Fargo Bank, N.A. is strictly voluntary. You are not obligated to pursue any mortgage assistance options discussed with us. At your request, we will immediately terminate any such discussions should you no longer wish to pursue these options.

With respect to those loans secured by property located in the state of California, the state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N. A. © 2012 Wells Fargo Bank, N. A. All rights reserved. NMLSR ID 399801 5/12 Equal Housing Lender

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | } | |
| | } | Case No: 10-B-47204 |
| ERICH W. ZANDER and | } | Chapter 13 |
| ERIN R. ZANDER, | } | Judge: Donald R. Cassling |
| | } | Hearing Date: 06/19/2015 |
| Debtors. | } | Geneva, 9:30 a.m. |

## NOTICE OF MOTION FOR APPROVAL OF SALE OF REAL ESTATE

**Glenn Stearns, Chapter 13 Trustee, 801 Warrenville Rd., Ste. 650, Lisle, IL 60532**
**Erich W. Zander and Erin R. Zander, 120 N. Willow Way, Cibolo, TX 78108**
**Wells Fargo Bank, N.A., C/O Pierce and Associates, P.C., 1 N. Dearborn, Ste. 1300,**
**    Chicago, IL 60602**
**Wells Fargo Home Mortgage, 1 Home Campus, MAC #X-2501-01F, Des Moines, IA 50328**
**Attached List of Creditors**

PLEASE TAKE NOTICE that on the 19th day of June, 2015 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Donald R. Cassling, Kane County Courthouse, 100 S. Third Street, Room 240, Geneva, IL 60134, or before such other Judge as may be presiding in her place and stead, and then and there present the attached Motion for Approval of Sale of Real Estate, a copy of which is attached hereto, and move for the relief prayed therein, at which time and place you may appear if you deem fit.

Kathleen Vaught, P.C.

## PROOF OF SERVICE

I, Kathleen Vaught, P.C., an attorney, on oath state that I caused to be served a true copy of this Notice and Motion for Sale of Real Estate upon the parties listed above by Electronic Notification to Glenn Stearns, Chapter 13 Trustee and by depositing same in the U.S. Mail to Wells Fargo Bank, N.A., C/O Pierce and Associates, P.C., 1 N. Dearborn, Ste. 1300, Chicago, IL 60602, Wells Fargo Home Mortgage, 1 Home Campus, MAC # X-2501-01F, Des Moines, IA 50328, Erich W. Zander and Erin R. Zander, 120 N. Willow Way, Cibolo, TX 78108 and the attached list of creditors at 600 W. Roosevelt Rd., Wheaton, IL before the hour of 5:00 p.m. on June 10, 2015, with proper postage prepaid.

Kathleen Vaught, P.C.

Kathleen Vaught, P.C. #2892790
Attorney for Debtors
600 W. Roosevelt Rd., Suite B-1
Wheaton, IL 60187
Tel: 630-871-9100    Fax: 630-871-9200

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  10-47204 |
| ERICH W. ZANDER and | ) | |
| ERIN R. ZANDER | ) | |
| | ) | Chapter: 13 |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | Kane |
| Debtor(s) | ) | |

## ORDER APPROVING SALE OF REAL ESTATE

THIS CAUSE coming on to be heard on Debtors' Motion for Approval of Sale of Real Estate, due notice having been served, the Court having jurisdiction and being fully advised in the premises:

IT IS HEREBY ORDERED AND DECREED:

A.  The "short sale" of the property located at 692 Lincoln Avenue, Elgin, Illinois 60120, is hereby approved, pending agreement of the secured lender.

B.  That after payment of the existing mortgage, the usual and customary closing costs, including attorney's fees, broker fees, title and closing costs, there will be no money available for Debtors or the Chapter 13 Trustee.

C.  A complete copy of the HUD-1 is to be provided to Glenn Stearns, Chapter 13 Trustee.

Enter:  *Donald R. Cassling*

Honorable Donald R. Cassling
United States Bankruptcy Judge

Dated:  June 19, 2015

**Prepared by:**

Kathleen Vaught, P.C., #2892790
Attorney for Debtors
600 W. Roosevelt Rd., Suite B-1
Wheaton, IL 60187
Tel:  (630) 871-9100
Fax: (630) 871-9200



## A. Settlement Statement (HUD-1)

OMB Approval No. 2502-0265

| **First American Title Insurance Company**<br>Settlement Statement | B. Type of Loan |
| --- | --- |
| | 1-5. Loan Type: Conv. Unins. |
| | 6. File Number: |
| | 7. Loan Number: |
| | 8. Mortgage Insurance Case Number: |

C.   Note:   This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(POC)" were paid outside this closing; they are shown here for informational purposes and are not included in the totals.

D.   Name & Address of Borrower: Y   H     P   Y
, IL

*I certify this to be a true and correct copy of the original document.*

E.   Name & Address of Seller: Erich Zander, Erin Zander
120 N. Willow Way, Cibolo, TX 78108

F.   Name & Address of Lender: Cash Transaction

G.   Property Location: 692 Lincoln Avenue, Elgin, IL 60120

| H.   Settlement Agent: First American Title Insurance Company<br>Address: 2250 Point Boulevard, Suite 125, Elgin, IL 60123 | (847)551-9396 | I.<br>Settlement Date: 07/02/2015<br>Print Date: 06/25/2015, 12:27 PM<br>Disbursement Date: 07/02/2015<br>Signing Date: 07/02/2015 |
| --- | --- | --- |
| Place of Settlement Address: 2250 Point Boulevard, Suite 125, Elgin, IL 60123 | | |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
| --- | --- | --- | --- |
| **100. Gross Amount  Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract Sales Price | 100,000.00 | 401. Contract sales price | 100,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 1,651.00 | 403. Total Deposits | |
| 104. 2014 2nd Installment Taxes to Kane County Treasurer | 2,091.34 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| **120. Gross Amount Due from Borrower** | 103,742.34 | **420. Gross Amount Due to Seller** | 100,000.00 |
| **200. Amounts Paid by  or on Behalf of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| 201. Deposit or earnest money | 1,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 7,650.00 |
| 203. Existing loan(s) taken subject | | 503. Existing loan(s) taken subject | |
| 204. | | 504. Payoff of first mortgage loan  to Wells Fargo Home Mortgage | 89,252.48 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. Earnest Money Held By: Realty Executives | 1,000.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes  07/01/14 to 12/31/14 | 2,091.34 | 511. County taxes  07/01/14 to 12/31/14 | 2,091.34 |
| 212. Assessments | | 512. Assessments | |
| 213. County Tax 01/01/15 to 07/02/2015 | 3,006.18 | 513. County Tax 01/01/15 to 07/02/15 | 3,006.18 |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid by/for Borrower** | 6,097.52 | **520. Total Reduction Amount  Due Seller** | 100,000.00 |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash at Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | 103,742.34 | 601. Gross amount due to seller (line 420) | 100,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 6,097.52 | 602. Less reductions in amounts due seller (line 520) | 100,000.00 |
| **303. Cash (X From) ( To) Borrower** | 97,644.82 | **603. Cash ( To) ( From) Seller** | |

Previous editions are obsolete.
* See Supplemental Page for details.        ** Paid on Behalf of Borrower.        POC-B (Borrower); POC-S (Seller); POC-L (Lender); POC-MB (Mortgage Broker).

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

File No. .

| L. Settlement Charges | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. Total Real Estate Broker Fees $6,000.00 | | | |
| Division of commission (line 700) as follows: | | | |
| 701. $3,725.00 to Realty Executives | | | |
| 702. $2,275.00 to RE/MAX Horizon | | | |
| 703. Commission paid at settlement | | | 5,000.00 |
| 704. (Note: $1000.00 POC Held By Realty Executives) | | | |
| 705. | | | |
| 706. | | | |
| 800. Items Payable in Connection with Loan | | | |
| 801. Our origination charge | (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | (from GFE #2) | | |
| 803. Your adjusted origination charges | (from GFE A) | | |
| 804. Appraisal fee | (from GFE #3) | | |
| 805. Credit report | (from GFE #3) | | |
| 806. Tax service | (from GFE #3) | | |
| 807. Flood certification | (from GFE #3) | | |
| 808. | (from GFE #3) | | |
| 809. | (from GFE #3) | | |
| 810. | (from GFE #3) | | |
| 811. | (from GFE #3) | | |
| 900. Items Required by Lender to Be Paid in Advance | | | |
| 901. Daily interest charges from | (from GFE #10) | | |
| 902. | (from GFE #3) | | |
| 903. Homeowner's insurance | (from GFE #11) | | |
| 904. | | | |
| 905. | | | |
| 906. | | | |
| 1000. Reserves Deposited with Lender | | | |
| 1001. Initial deposit for your escrow account | (from GFE #9) | | |
| 1002. Homeowner's insurance | | | |
| 1003. Mortgage insurance | | | |
| 1004. Property taxes | | | |
| 1005. | | | |
| 1006. | | | |
| 1007. Aggregate Adjustment | | | |
| 1100. Title Charges | | | |
| 1101. Title services and lender's title insurance | (from GFE #4) | 1,423.00 | |
| 1102. Settlement or closing fee | $1,000.00 | | |
| to First American Title Insurance Company | | | |
| 1103. Owner's title insurance - First American Title Insurance Company | (from GFE #5) | | 1,300.00 |
| 1104. Lender's title insurance | | | |
| 1105. Lender's title policy limit | $ 0.00 | | |
| 1106. Owner's title policy limit | $ 100,000.00 | | |
| 1107. Agent's portion of the total title insurance premium | $ 942.50 | | |
| to Kathleen Vaught, P.C. | | | |
| 1108. Underwriter's portion of total title insurance premium | $ 357.50 | | |
| to First American Title Insurance Company | | | |
| 1109. Attorney Fee  to Kathleen Vaught, P.C. | | | 1,200.00 |
| 1110. | | | |
| 1111. | | | |
| 1112. | | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Government recording charges | (from GFE #7) | 228.00 | |
| 1202. Recording fees: Deed $57.00 Mortgage $0.00 Release $171.00 | | | |
| 1203. Transfer taxes | (from GFE #8) | | |
| 1204. City/county tax/stamps: Deed $50.00 Mortgage $0.00 | | | 50.00 |
| 1205. State tax/stamps: Deed $100.00 Mortgage $0.00 | | | 100.00 |
| 1206. | | | |
| 1207. | | | |
| 1208. | | | |
| 1209. | | | |
| 1210. | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. Required services that you can shop for | (from GFE #6) | | |
| 1302. | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| 1308. | | | |
| 1309. | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | 1,651.00 | 7,650.00 |

* See Supplemental Page for details.   ** Paid on Behalf of Borrower.   POC-B (Borrower); POC-S (Seller); POC-L (Lender); POC-MB (Mortgage Broker).

| Comparison of Good Faith Estimate (GFE) and HUD-1 Charges | | | Good Faith Estimate | HUD-1 |
|---|---|---|---|---|
| **Charges That Cannot Increase** | HUD-1 Line Number | | File No. | |
| Our origination charge | # | 801 | 0.00 | |
| Your credit / charge (points) for the specific interest rate chosen | # | 802 | 0.00 | |
| Your adjusted origination charges | # | 803 | 0.00 | |
| Transfer taxes | # | 1203 | 0.00 | 0.00 |

| Charges That In Total Cannot Increase More Than 10% | | | Good Faith Estimate | HUD-1 |
|---|---|---|---|---|
| Government recording charges | # | 1201 | 0.00 | 228.00 |
| Title services and lender's title insurance | # | 1101 | 0.00 | 1,423.00 |
| | # | | | |
| | # | | | |
| | # | | | |
| | # | | | |
| | # | | | |
| | # | | | |
| | | Total | | 1,651.00 |
| | | Increase between GFE and HUD-1 Charges | $1,651.00   or | N/A |

| Charges That Can Change | | | Good Faith Estimate | HUD-1 |
|---|---|---|---|---|
| Initial deposit for your escrow account | # | 1001 | 0.00 | |
| Daily interest charges | # | 901 | 0.00 | |
| Homeowner's insurance | # | 903 | 0.00 | |
| | # | | | |
| | # | | | |
| | # | | | |

## Loan Terms

| | |
|---|---|
| Your initial loan amount is | $ 0.00 |
| Your loan term is | years |
| Your initial interest rate is | % |
| Your initial monthly amount owed for principal, interest, and any mortgage insurance is | $  includes<br>☐ Principal<br>☐ Interest<br>☐ Mortgage insurance |
| Can your interest rate rise? | ☐ No.   ☐ Yes, it can rise to a maximum of %. The first change will be on  and can change again every  after . Every change date, your interest rate can increase or decrease by %. Over the life of the loan, your interest rate is guaranteed to never be lower than %  or higher than %. |
| Even if you make payments on time, can your loan balance rise? | ☐ No.   ☐ Yes, it can rise to a maximum of $ . |
| Even if you make payments on time, can your monthly owed for principal, interest, and mortgage insurance rise? | ☐ No.   ☐ Yes, the first increase can be on  and the monthly amount owed can rise to $ .<br>The maximum it can ever rise to is $ . |
| Does your loan have a prepayment penalty? | ☐ No.   ☐ Yes, your maximum prepayment penalty is $ . |
| Does your loan have a balloon payment? | ☐ No.   ☐ Yes, you have a balloon payment of $  due in  years on . |
| Total monthly amount owed including escrow account payments | ☐ You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>☐ You have an additional monthly escrow payment of $  that results in a total initial monthly amount owed of $ . This includes principal, interest, any mortgage insurance and any items checked below:<br>☐ Property taxes   ☐ Homeowner's insurance<br>☐ Flood insurance<br>☐   ☐<br>☐   ☐ |

Note: If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

| Itemization of Title Charges and Government Recording and Transfer Charges | File No. |
|---|---|
| **First American Title Insurance Company** | Loan No. |
| | Settlement Date: 07/02/2015 |
| Property: 692 Lincoln Avenue, Elgin, IL 60120 | Print Date: 06/25/2015, 12:27 PM |
| Name & Address of Borrower: Y H P Y, IL | Name & Address of Seller: Erich Zander, Erin Zander 120 N. Willow Way, Cibolo, TX 78108 |
| Name & Address of Lender: Cash Transaction | |

| 1100. Summary of Title Charges | | Borrower Charges | Seller Charges |
|---|---|---|---|
| 1101. Title Services and Lenders Title Insurance | | 1,423.00 | |
| Title Services Fees | $423.00 | | |
| a. Closing Protection Coverage-Buyer | $25.00 | | |
| b. Closing Protection Coverage-Seller | $50.00 | | |
| c. Commitment Update Search | $120.00 | | |
| d. Overnight Delivery Service Fee | $25.00 | | |
| e. Policy Update Search | $120.00 | | |
| f. Service/Handling Wire Transfer Fee | $40.00 | | |
| g. State of IL Owner's Policy Fee | $3.00 | | |
| h. Tax Payment Service Fee | $40.00 | | |
| 1102. Settlement or Closing Fees to First American Title Insurance Company | $1,000.00 | | |
| a. Escrow Fee | $1,000.00 | | |
| 1103. Owner's title insurance - First American Title Insurance Company | | | |
| 1104. Lender's title insurance | | | |
| 1105. Lender's title policy limit    $  0.00 | | | |
| 1106. Owner's title policy limit    $  100,000.00 | | | |
| 1107. Agent's portion of the total title insurance premium    $  942.50 to Kathleen Vaught, P.C. | | | |
| 1108. Underwriter's portion of total title insurance premium    $  357.50 to First American Title Insurance Company | | | |
| 1109. Attorney Fee  to Kathleen Vaught, P.C. | | | 1,200.00 |

| 1200. Government Recording and Transfer Charges | Borrower Charges | Seller Charges |
|---|---|---|
| 1201. Government Recording Charges | 228.00 | |
| 1202. Recording Fees Deed $57.00 Mortgage $0.00 Release $171.00 | | |
| 1203. Transfer taxes | | |
| 1204. City/county tax/stamps: Deed $50.00 Mortgage $0.00 | | 50.00 |
| 1205. State tax/stamps: Deed $100.00 Mortgage $0.00 | | 100.00 |

Page 1

| Supplemental Page<br>HUD-1 Settlement Statement | File No. |
|---|---|
| **First American Title Insurance Company**<br>Settlement Statement | Loan No. |
| | Settlement Date:<br>**07/02/2015** |

Borrower Name & Address: Yu  H      P     Y
                          IL

Seller Name & Address:  Erich Zander, Erin Zander
120 N. Willow Way, Cibolo, TX 78108

| The following Section is restated from the Settlement Statement Page 1 | | | |
|---|---|---|---|
| 300. Cash at Settlement from/to Borrower | | 600. Cash at Settlement to/from Seller | |
| 301. Gross amount due from borrower (line 120) | 103,742.34 | 601. Gross amount due to seller (line 420) | 100,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 6,097.52 | 602. Less reductions in amounts due seller (line 520) | 100,000.00 |
| 303. Cash (X From) ( To) Borrower | 97,644.82 | 603. Cash ( To) ( From) Seller | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and distributions made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

**BUYER(S):**                                          **SELLER(S):**

_____          _____
       H                                          Erich Zander

_____          _____
   F     Y                                        Erin Zander

The HUD-1 Settlement Statement which I have prepared is a true & accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

First American Title Insurance Company

By Settlement Agent:

_____                              Date: 7/2/15

Northern District of Illinois

Chicago Division

In re   **ERICH W ZANDER**
**ERIN R ZANDER,**
Debtors

Case No. 10-47204

Chapter 13

# Response to Notice of Final Cure Payment

**Name of Creditor:** Wells Fargo Bank, NA

**Last four digits of any number you use to identify the debtor's account** 3918

**Uniform Claim Identifier:** n/a

**Court Claim No. (if known):** 2

## Part 1: Status of Payments on Claim and Post-Petition Payments

**In response to the Trustee's Notice of Final Cure Payment, Creditor states that:**

**Section A: Status of Claim Amounts (Choose ONE in Section A)**

☒ As of 11/17/2015. Debtor(s) has paid in full the amount required to cure the default on the Creditor's claim.

    ☐ The Creditor contends that Trustee disbursement(s) totaling _____ have not yet been posted to the account. With the application of those funds, the Debtor(s) will have paid in full the amount required to cure the default on the Creditor's claim.

☐ As of _____, Debtor(s) has **not** paid in full the amount required to cure the default on the Creditor's claim.

    ☐ The Creditor contends that the amounts itemized in Part 2 below remain unpaid.

    ☐ The Creditor contends that Trustee disbursement(s) totaling _____ have not yet been posted to the account. With the application of those funds, the Debtor(s) will have paid in full the amount required to cure the default on the Creditor's claim.

**Section B: Status of Post-Petition Payment, Fees, Expenses and Charges (Choose ONE in Section B)**

☒ **Post-Petition Payments Paid by Debtor(s)**

    ☐ As of _____, the Creditor agrees that that Debtor(s) is current on all post-petition payments, fees, expenses and charges. Debtor(s) is due post petition for _____.

    ☒ As of 11/17/2015, the Creditor disagrees that the Debtor(s) is current on all post-petition payments, fees, expenses and charges. The Creditor contends that the post-petition payments, fees, expenses and charges itemized in Part 3 below remain unpaid.

☐ **Post-Petition Payments Paid by Trustee**

    ☐ As of _____, the Creditor agrees that the Debtor(s) is current with all post petition payments consistent with Section 1322(b)(5) including all fees, charges, expenses, escrow and costs. Debtor(s) is due post petition for _____.

        ☐ The Creditor contends that Trustee disbursement(s) totaling _____ have not yet been posted to the account. With the application of those funds, the Debtor(s) will be current with all post petition payments thorough the date of the Trustee's Notice consistent with Section 1322(b)(5) including all fees, charges, expenses, escrow and costs.

    ☐ As of _____, the Creditor disagrees that the Debtor(s) is current on all post-petition payments, fees, expenses and/or charges consistent with Section 1322(b)(5). The Creditor contends that the post-petition payments, fees, expenses and charges itemized in Part 3 below remain unpaid.

## Part 2: Itemization of Claim Amounts not Cured by Debtor(s)

| Description | Amount |
|---|---|
| 1. Late charges | (1) _____ |
| 2. Non-sufficient funds (NSF) fees | (2) _____ |
| 3. Attorney's fees | (3) _____ |
| 4. Filing fees and court costs | (4) _____ |
| 5. Advertisement costs | (5) _____ |

6. Sheriff/auctioneer fees

7. Title costs                                                    (7) _____

8. Recording fees                                                (8) _____

9. Appraisal/broker's price opinion fees                         (9) _____

10. Property inspection fees                                     (10) _____

11. Tax advances (non-escrow)                                    (11) _____

12. Insurance advances (non-escrow)                              (12) _____

13. Property preservation expenses                               (13) _____

14. Escrow shortage or deficiency (not included as part of any installment payment listed   (14) _____
in line item 15)

15. Past Due Payments

_____ – _____        _____   installments at  _____     $0.00

_____ – _____        _____   installments at  _____     $0.00

_____ – _____        _____   installments at  _____     $0.00

Past due payments prior to _____ in the total amount of _____

See attached for breakdown.

Total payments due ▶              (15) $0.00

16. Other. Specify:                                              (16) _____

17. Other. Specify:                                              (17) _____

18. Unapplied Funds                                              (18) (_____)

19. Total Claim Amounts not cured by Debtor(s). Add all of the amounts listed above.   (19) $0.00

### Part 3: Itemization of Post-Petition Payments, Fees, Expenses and Charges not Cured by Debtor(s)

| Description | Amount |
| --- | --- |
| 1. Late charges | (1) _____ |
| 2. Non-sufficient funds (NSF) fees | (2) _____ |
| 3. Attorney's fees | (3) _____ |
| 4. Filing fees and court costs | (4) _____ |
| 5. Advertisement costs | (5) _____ |
| 6. Sheriff/auctioneer fees | (6) _____ |
| 7. Title costs | (7) _____ |
| 8. Recording fees | (8) _____ |
| 9. Appraisal/broker's price opinion fees | (9) _____ |
| 10. Property inspection fees | (10) _____ |
| 11. Tax advances (non-escrow) | (11) _____ |
| 12. Insurance advances (non-escrow) | (12) _____ |
| 13. Property preservation expenses | (13) _____ |

**14. Past Due Payments**

Escrow advance on the account?

☐ No

☒ Yes    Escrow advance balance on the account is <u>$12,111.60</u> and will be collected through the escrow portion of the ongoing monthly installments.

| | | | | |
|---|---|---|---|---|
| <u>4/1/2014</u> – <u>3/1/2015</u> | <u>12</u> | installments at | <u>$1,473.34</u> | $17,680.08 |
| <u>4/1/2015</u> – <u>4/1/2015</u> | <u>1</u> | installments at | <u>$1,433.71</u> | $1,433.71 |
| <u>5/1/2015</u> – <u>11/1/2015</u> | <u>7</u> | installments at | <u>$1,403.47</u> | $9,824.29 |

Past due payments prior to <u>4/1/2014</u> in the total amount of <u>$13,613.40</u>
See attached for breakdown.

Total payments due ▶    (14) $42,551.48

**15. Other. Specify:**    (15) _____

**16. Other. Specify:**    (16) _____

**17. Unapplied Funds**    (17) <u>($65.94)</u>

**18. Total post-petition payments, fees, expenses and charges not cured by Debtor(s).**    (18) <u>$42,485.54</u>

*/s/ A. Michelle Hart Ippoliti*
Agent for creditor (signature)
**A. Michelle Hart Ippoliti**
Agent for creditor (print)
McCalla Raymer, LLC
Company
1544 Old Alabama Road
Address (1)
Roswell, GA 30076
Address (2)
678-281-6537
Phone contact
770-643-4220
Fax contact
mh1@mccallaraymer.com
Email contact

Additional post payments owed:

6/1/13-3/1/14 @ $1,361.34

# UNITED STATES BANKRUPTCY COURT

## Certificate of Service

☒ I hearby certify that a copy of Response to Notice of Final Cure Payment was mailed first class, postage paid, this 17th day of November, 2015 to:

Party 1:

Erich W Zander

120 N. Willow Way

Cibolo, TX 78108

Party 2:

Erin R Zander

129 N. Willow Way

Cibolo, TX 78108


☒ I hearby certify that a copy of Response to Notice of Final Cure Payment was uploaded through the Court's ECF System at the e-mail address register with the court on, this 17th day of November, 2015 to:

Kathleen Vaught
Party 1:)

Glenn B Stearns
Party 2:)


/s/ A. Michelle Hart Ippoliti
Agent for creditor (signature)
A. Michelle Hart Ippoliti Agent for creditor
(print)